IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMOS SINGLETON, | : | CIVIL ACTION |
| | : | |
| Petitioner | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH J. PIAZZA, | : | |
| SUPERINTENDENT, et. al., | : | |
| | : | |
| Respondents. | : | NO. 05-6685 |

**MEMORANDUM**

**Baylson, J.**                                                                                           **December 12, 2007**

**I.     Introduction**

Petitioner, Amos Singleton, filed a federal Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.  The undersigned referred the case to Magistrate Judge Henry S. Perkin for a Report and Recommendation ("R&R") on the merits.  Magistrate Judge Perkin filed his R&R (Doc. No. 33) on May 11, 2007, and presently before the Court are Petitioner's Objections to the R&R (Doc. No. 34), which he filed on May 23, 2007.

Upon independent and thorough review, and for the reasons stated below, this Court denies Petitioner's objections and accepts Magistrate Judge Perkin's R&R.

**II.    Background and Procedural History**

According to the record before the Court, on February 14, 2000, Petitioner entered into an open plea of guilty in the Court of Common Pleas, Philadelphia County, to two counts of robbery in the second degree, four counts of simple assault, and one count of possession of an instrument of crime.  There was no agreement between counsel as to a recommendation for sentencing.  (See

Response (Doc. 23), Exh. A; Commonwealth v. Singleton, No. 0873 (Philadelphia County Court of Common Pleas, November 1, 2000)). Petitioner signed a "Guilty Plea Colloquy" waiver form that indicated he could be sentenced to up to thirty-three years in prison. (See Response (Doc. No. 23), Exh. A. p. 6). In addition, the Honorable Gwendolyn N. Bright informed Petitioner, during the colloquy, that he could be sentenced to up to thirty-three years in prison. (R&R at 14-15; N.T. 2/14/00 pp. 5-6).[1] The Petitioner stated that he understood the possibility of this maximum sentence. (R&R at 14-15; N.T. 2/14/00 pp. 5-6). Judge Bright sentenced Petitioner to a total prison term of eight to eighteen years.[2] (See Petition (Doc. No. 1), Exh. G).

Petitioner filed a timely appeal to the Pennsylvania Superior Court, which appointed him counsel. (See Response (Doc. No. 23), Exh. B; Commonwealth v. Singleton, No. 1904 EDA 2000 (Pa. Super. 2002)). Counsel examined the case, determined that an appeal would be frivolous, and requested to withdraw. (See Response (Doc. No. 23), Exh. B. p. 2). On January 4, 2002, the Superior Court granted counsel's request to withdraw and affirmed the judgment of sentence. (See Response (Doc. No. 23), Exh. B. p. 5). According to the record, Petitioner did not seek allocatur in the Pennsylvania Supreme Court.[3]

On March 8, 2002, petitioner filed a pro se petition pursuant to the Pennsylvania Post

---

[1] N.T. 2/14/00 refers to the Notes of Testimony from Petitioner's February 14, 2000 open guilty plea before the Honorable Gwendolyn N. Bright.

[2] The sentence consisted of four to ten years for each of the robbery charges, to run concurrently; one to two years for each simple assault charge, to run consecutively; and two-and-a-half to five years for possessing an instrument of crime, to run concurrently with the robbery charges.

[3] Mr. Singleton did petition the Pennsylvania Supreme Court twice regarding his request for documents. Petitioner's attempt to obtain documents related to his case is discussed in Section C, infra.

Conviction Relief Act ("PCRA") and was again appointed counsel.  (See Response (Doc. No. 23), Exh. C).  The appointed PCRA counsel determined that there were no meritorious issues that could be raised and also requested to withdraw from the appointment.  (Id.)  On December 4, 2002, the PCRA court granted counsel's request to withdraw and dismissed Mr. Singleton's petition as frivolous.  (See Petition (Doc. No. 1), Exh. G).

Petitioner next filed a pro se appeal of the PCRA court's dismissal to the Pennsylvania Superior Court; however, Petitioner did not submit a brief in support of his appeal.  The Superior Court granted him several extensions of time in order to file a brief, but Petitioner never did so.  (See, e.g., Petition (Doc. No. 1), Exh. A-7).  On November 19, 2004, the Superior Court dismissed Petitioner's appeal for failure to submit a brief.  (See Petition (Doc. No. 1), Exh. A-8).

On December 12, 2005, Petitioner submitted, in this Court, a Petition for Writ of Habeas Corpus.  (Doc. No. 1).  The District Attorney's Office responded on August 30, 2006 (Doc. No. 23).  As noted above, Magistrate Judge Perkin filed his R&R on May 11, 2007 (Doc. No. 33), and Petitioner filed objections to the R&R on May 23, 2007 (Doc. No. 34).

**III.    Parties' Contentions**

  **A.**  **Summary of Magistrate Judge's Report and Recommendations**

The Magistrate Judge found that Mr. Singleton's Petition was without merit because the state courts properly heard and ruled on Petitioner's ineffective assistance of counsel claims (R&R pp. 9-21) and because Petitioner did not exhaust his state court remedies as to all other claims (R&R pp. 21-28).  Since the ineffective assistance of counsel claims were properly exhausted, the Magistrate Judge addressed each of the three in turn.

The R&R rejected Petitioner's first ineffective assistance of counsel claim, that he was

not informed of the nature of consecutive sentences.[4]  The state court ruled that the possibility of consecutive sentences was inherent in the thirty-three year maximum that Petitioner indicated that he understood and accepted.  Judge Perkin concluded that Petitioner did not illustrate any state court action that was contrary to or an unreasonable application of Sixth Amendment jurisprudence.  (R&R pp. 11-17).

The R&R then addressed Petitioner's second ineffective assistance of counsel claim, that counsel failed to file a motion to withdraw Mr. Singleton's guilty plea.  Judge Perkin concluded that since the record illustrated that Petitioner was informed of and understood the charges against him, the maximum penalties that he faced, and the rights he would waive by pleading guilty, the state court's determination that there were no grounds upon which counsel could have filed a motion to withdraw the guilty plea was sound.  (R&R pp. 17-19).

As to the third ineffective assistance of counsel claim, that counsel failed to file a motion for reconsideration of sentence, the Magistrate Judge determined that because the Petitioner was sentenced well below the statutory maximum and because the sentence was not manifestly excessive, there were no grounds upon which counsel could have filed a motion for reconsideration of sentence.  The R&R concluded that the state court had not improperly applied Sixth Amendment jurisprudence.  (R&R pp. 19-21).

After addressing the ineffective assistance of counsel claims, Judge Perkin turned to Mr. Singleton's seven remaining claims and found them all to not have been properly exhausted and thus procedurally defaulted.  According to the R&R, Petitioner did not demonstrate cause for the

---

[4] Although the Magistrate Judge treats this claim as an ineffective assistance of counsel claim, it appears that Petitioner did not raise it as such.  However, the distinction is irrelevant, as discussed below, since the claim has no merit.

procedural default nor actual prejudice; further, Petitioner did not demonstrate that lack of federal review would result in a fundamental miscarriage of justice. As a result, Judge Perkin found that the procedural default could not be excused. (R&R pp. 21-23). In response to Petitioner's argument that default should be excused because the trial court did not supply him with the documents he requested,[5] the R&R determined that the trial court did supply Petitioner with the documents it had. (R&R pp. 23-24). In response to Petitioner's argument that he was not provided a second selection of materials he requested, the R&R concluded that Petitioner made this second request for materials as part of his second request for an extension, and never filed a brief on the matter. (R&R pp. 25-26). Furthermore, the Magistrate Judge found that the lack of material did not impede Petitioner from filing his claims, and thus did not constitute sufficient cause for default. (R&R pp. 26-27).

### B.     Petitioner's Objections

Petitioner submits five numbered groupings of objections. The first set of objections claims that the R&R contains factual errors. (Objections pp. 1-3).[6] First, Petitioner contends the Magistrate Judge understates the number of people he assaulted. (p. 1). Petitioner also then disagrees with the Magistrate Judge's finding that Petitioner had received the documents he requested from the Superior Court. (pp. 2-3).

In the second group of objections, Petitioner contends that the R&R did not properly

---

[5] Petitioner requested certain documents pertaining to his case from the trial court and when the trial court did not promptly provide Petitioner the documents, Petitioner brought the matter to the Pennsylvania Superior Court. Petitioner's attempt to obtain documents is discussed in Section C, infra.

[6] All page numbers referenced in this section will be to the Petitioner's Objections, Doc. No. 34.

report all of Petitioner's filings with the Pennsylvania Supreme Court. (p. 3).

Petitioner's third set of objections addresses his colloquy and the nature of consecutive sentences. Petitioner appears to argue that the R&R is in error because Petitioner himself did not make ineffective assistance of counsel arguments, but his counsel made them over his objections. (p. 4.) Petitioner also argues that his counsel did not submit to the court the arguments he sent to her. (pp. 4-5.) Petitioner then disputes the R&R's characterization of Petitioner's defective colloquy arguments as ineffective counsel arguments; Petitioner states that a defective colloquy means that the court was in error, not counsel.[7] (p. 6) According to Petitioner, the Court did not advise him, on the record, of the nature and elements of the offense or of the possibility of consecutive sentences. (p. 6). Petitioner appears to argue that he was unfairly treated because he signed the guilty plea agreement before he was informed of the sentence. (p. 6).

Petitioner's fourth and fifth set of objections mainly address the R&R's conclusion that Petitioner did not exhaust his state court remedies on his other seven claims.[8] (pp. 6-7). Petitioner contends that he demonstrates cause for procedural default and actual prejudice resulting from the default because he tried to exhaust his state court remedies but the government prevented him from doing so. (p. 7). Petitioner also contends that a miscarriage of justice will occur because exculpatory evidence was withheld as to the identities and numbers of people he assaulted and as to witnesses. (pp. 8-9). Petitioner appears to claim that he categorized all of his previous arguments as federal Constitutional violations (p. 9) and that all of his appointed

---

[7] However, later in his objections, Petitioner appears to argue that he did in fact have ineffective counsel. See pp. 9-10.

[8] For a description of the remaining seven claims, see R&R p. 21, note 9.

counsel were ineffective at all times (pp. 9-10).

IV.     Discussion

    A.     Standards of Review

        1.     General

In ruling on objections to the R&R of a United States Magistrate Judge, this Court reviews *de novo* only the findings of the R & R that Petitioner specifically objects to.  28 U.S.C. § 636(b)(1).  See also Fed.R.Civ.P. 72.

        2.     **Claims Properly Raised in State Court**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas relief "with respect to any claim that was adjudicated on the merits in State court proceedings" only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision is "contrary to clearly established Federal law" if the state court "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law," or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at [an opposite] result." Williams v. Taylor, 529 U.S. 362, 405 (2000).  A federal court may grant habeas relief under the "unreasonable application" clause of § 2254(d)(1) if the "state court correctly identifies the governing legal principle from [Supreme Court] decisions but

unreasonably applies it to the facts of the particular case." Bell v. Cone, 535 U.S. 685, 694 (2002) (citing Williams, 529 U.S. at 407-08). An objectively unreasonable application differs from an incorrect one, and only the former warrants habeas relief. Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

With regard to factual determinations, a federal habeas court must presume state court findings of fact are correct. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only by clear and convincing evidence. Id. Under § 2254(d)(2), a federal court may grant relief if the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

If the state court has adjudicated a claim on its merits, we consider the claim under AEDPA's deferential standard of review. On the other hand, if Petitioner fairly presented a claim to the state court (i.e., exhausted it), but the state court completely failed to address it, or refused to consider it because of an inadequate procedural bar, we review the claim de novo. Jacobs v. Horn, 395 F.3d 92, 100 (3d Cir. 2005) ("In cases where the AEDPA standards of review do not apply, federal habeas courts apply pre-AEDPA standards of review."); Holloway v. Horn, 355 F.3d 707, 718 (3d Cir. 2004) (reviewing a claim de novo because Petitioner presented it to the Pennsylvania Supreme Court, but the court "failed to even mention" it).

### 3. Procedurally Defaulted Claims

In general, if the state court did not consider a claim because the prisoner did not raise it, it is considered procedurally defaulted and a federal court may not review it. See 28 U.S.C. § 2254(b)(1)(A). Under controlling case law, a federal court can only consider procedurally

defaulted claims if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991); McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999). The court in McCandless also explained:

> As a general rule, federal courts may exercise the power to consider habeas applications only where "it appears that the applicant has exhausted the remedies available in the courts of the State." The exhaustion rule requires applicants to "fairly present" federal claims to state courts before bringing them in federal court. When a claim is not exhausted because it has not been "fairly presented" to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is "an absence of available State corrective process." In such cases, however, applicants are considered to have procedurally defaulted their claims and federal courts may not consider the merits of such claims unless the applicant establishes "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his or her default.

Id.

    4.    **Ineffective Assistance of Counsel Claims**

In order to establish a claim of ineffectiveness, a petitioner must show that counsel's performance was deficient, and the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668 (1984). Counsel's performance is deficient only if it "fell below an objective standard of reasonableness." Id. at 688. In assessing counsel's performance, a court must begin with the presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Even if Petitioner establishes that counsel's conduct was "professionally unreasonable," the Sixth Amendment is not violated unless there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." Id. at 694. A "reasonable probability" is one that is "sufficient to undermine confidence in the outcome" of the trial. Id.

### B. Discussion

#### 1. Objections #1

As noted above, Petitioner makes several arguments regarding factual inaccuracies in the R&R. The factual account in the R&R is based on the Petition for Writ of Habeas Corps, the Response thereto, and the attachments to those pleadings. See R&R p. 1, FN 1. The attachments to the pleadings include the trial court's description of the facts, see Response (Doc. No. 23), Exh. A. pp. 2-4, and the Superior Court's affirmation of the trial court's decision, see Response (Doc. No. 23), Exh. A. pp. 1-2. The R&R's factual account restates the account established in state court.

Federal courts presume the state's factual findings to be correct, as discussed above, and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The R&R properly defers to the state courts' factual accounts. Petitioner objects to the R&R's characterization of some of the facts,[9] but he does not provide clear and convincing evidence that the R&R's factual account, which is based on the state courts' account, was incorrect. Petitioner therefore does not meet his burden and this Court approves the R&R's description of the facts. Furthermore, Petitioner pleaded guilty and it is hard

---

[9] As an example, Petitioner contends that three of the complainants in his case were not actually present during Petitioner's assault; however, the police report documents them as present. See Petition (Doc. No. 1), Exh. A-7. Petitioner does not provide evidence to support his contention that they were not present.

to understand how a factual mistake would be relevant.

### 2. Objections #2

Petitioner also argues that the R&R was in error by stating that Petitioner did not appeal the Pennsylvania Superior Court's dismissal of his appeal for failure to submit a brief. Petitioner appears to think that other pleadings he filed, such as a "State Habeas Corpus Petition" qualify as an appeal to the Pennsylvania Supreme Court of the Superior Court's dismissal of his appeal. Petitioner is incorrect.[10] In any event, review by the Pennsylvania Supreme Court is discretionary. This objection is not relevant, and even if Petitioner's claims were correct, he was not prejudiced.

### 3. Objections #3

Mr. Singleton objects to the Magistrate Judge's categorization of his defective colloquy argument as an "ineffective assistance of counsel" argument. Petitioner had argued that his colloquy was defective because he was not properly informed of the nature of consecutive sentences. According to Petitioner, a defective colloquy is a failure of the court, not of counsel, and a defective colloquy can therefore not be the result of ineffective counsel. It does appear that in his Petition for habeas relief, Mr. Singleton argued that the court, not counsel, did not inform him of the nature of consecutive sentences.

A defective colloquy can result from mistakes made either by the court or by counsel. However, in this context the distinction is irrelevant because the record illustrates Petitioner's

---

[10] Petitioner did file with the Pennsylvania Supreme Court on other matters. See footnotes 3 and 4, supra.

colloquy is not defective and his total sentence was well below the stated maximum as explained by the trial judge. Petitioner has no Constitutional claim based on the notion that he was not advised of consecutive sentences. There is no case law or valid legal theory to support Petitioner's claim.

### 4. Objections #4

Petitioner objects to the Magistrate Judge's findings that he did not exhaust his state court remedies as to his seven remaining claims.[11] As discussed above, if a prisoner does not raise his claims in state court, they are procedurally defaulted and can not be reviewed by a federal court except under rare circumstances which do not apply here. The Magistrate Judge found that other than three ineffective assistance of counsel claims, Petitioner's claims were procedurally defaulted.

Petitioner objects and argues that he indeed raised all of his claims in state court. To support this argument, Petitioner refers to exhibits A-1, A-2, A-3 and A-4 of his Petition for Writ of Habeas Corpus (Doc. 1). However, these documents do not illustrate that Petitioner raised his defaulted claims in the state court proceedings regarding his conviction. The documents consist of Petitioner's various filings in his attempt to obtain documents from the state courts and the state courts' responses to Petitioner's filings. They do not discuss federal constitutional violations.

As explained in the R&R, in order to properly exhaust a claim, a petitioner must raise it

---

[11] Petitioner's "seven remaining claims" are the claims other than those treated as arguing ineffective assistance of counsel. See R&R, p. 21, fn. 9.

in state court and allege that it is a violation of the United States Constitution. Merely raising the claim as a general wrong does not suffice. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995). Even if Petitioner raised grievances in the state court proceedings, in order to have properly exhausted them, he must also have alerted the state courts to the fact that he was raising them under the United States Constitution. Petitioner has not cited to the state court record indicating where he raised these federal constitutional claims. Thus, Petitioner can not illustrate that he properly exhausted his claims in state court, and the claims are procedurally defaulted.

As discussed above, this Court may not review procedurally defaulted claims unless Petitioner can illustrate a cause for the default and actual prejudice resulting from the default or illustrate that failure to consider the claims will result in a fundamental miscarriage of justice. The R&R explains that Petitioner does not meet this showing. Petitioner objects to the R&R's conclusion and argues that he can actually demonstrate cause for the default and actual prejudice resulting from the default. To support his objections, Petitioner points to Exhibits B-1, B-2, B-3, B-4, B-5, and B-6 to his Petition for Writ of Habeas Corpus (Doc. 1), which all appear to be police records. These reports do not support Mr. Singleton's arguments that a fundamental miscarriage of justice would occur if a federal court did not review the state courts' disposition of Mr. Singleton's case.

### 5. Objections #5

Petitioner's final numbered set of objections, Objection #5, actually appears to be a continuation of Objection #4. In Objection #5, Petitioner continues to argue that he indeed raised in state court the claims that the R&R deems defaulted. To support this argument, Petitioner

now cites to Exhibits A-1, A-2, A-3, and A-4 to his Reply Brief (Doc. 31). However, these documents are photocopies of 30 Pa.C.S.A. § 1101; 18 Pa.C.S.A. § 3701; 18 Pa.C.S.A. § 2701; and versions of Petitioner's criminal complaint. These documents do not illustrate that Petitioner raised his claims as federal constitutional violations in state court.

Petitioner adds to this final set of objections, Objections #5, a laundry list of unrelated final arguments. These final arguments make little sense and Petitioner does not support them except by citing to his previous filings, see Objections, p. 10, all of which have been reviewed by a Magistrate Judge and by this Court, and none of which provide sufficient support to Petitioner's arguments.

### C. Petitioner's Request for Documents

Underlying many of Petitioner's objections seems to be the argument that his claims were procedurally defaulted because he did not have access to documents he sought. The history of Petitioner's request for documents is difficult to discern. Based on the materials before the Court, it appears that while Petitioner's PCRA appeal was pending in the Pennsylvania Superior Court, he filed a request for "transcripts and opinion." See Response (Doc. No. 23), Exh. D; Response (Doc. No. 23) p. 3, fn 1. On May 5, 2003, the Pennsylvania Superior Court ordered the PCRA court to produce the documents to Petitioner. See Petition (Doc. No. 1), Exh. A. On October 14, 2003, Petitioner requested that the Pennsylvania Supreme Court grant a writ of mandamus directing the PCRA Court to comply with the Superior Court's Order. See Petition (Doc. No. 1), Exh. A-2; Response (Doc. No. 23), p. 3, fn. 1. The Supreme Court granted Petitioner's request and issued the Writ of Mandamus on May 4, 2004. See Petition (Doc. No.

1), Exh. A-3; Response (Doc. No. 23), Exh. E.  When Petitioner did not receive the documents he thought he should receive, he again petitioned the Supreme Court, on June 5, 2004, asking that it grant a new trial.  See Petition (Doc. No. 1), Exh. A-3.

The PCRA court has written a letter, dated June 29, 2004, stating that it supplied Petitioner with all of the documents it had in its possession.  See Petition (Doc. No. 1), Exh. A-5; R&R pp. 24-25.  Petitioner has not shown that this letter is untrue.

Petitioner's difficulties in obtaining the documents he sought does not entitle him to habeas relief.  In fact, Petitioner's difficulties do not relate to the proceedings surrounding his guilty plea and thus can not form the basis for federal habeas relief.  "The federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's *collateral* proceeding does not enter into the habeas calculation."  Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998).  See also Mason v. Meyers, 208 F.3d 414, 416-17 (3d Cir. 2000) (affirming denial of habeas relief because, inter alia, a delay in a PCRA proceeding is not grounds for federal habeas relief).  Furthermore, as a practical matter, Petitioner has not illustrated how these documents would have helped him.  They do not contain exculpatory evidence.  The standard for excusing procedural default is very high, as set forth above, and Petitioner does not meet that standard.

## V.     Conclusion

For the reasons stated above, this Court adopts the R&R and denies Petitioner's Petition for Writ of Habeas Corpus.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMOS SINGLETON, | : | CIVIL ACTION |
| | : | |
| Petitioner | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH J. PIAZZA, | : | |
| SUPERINTENDENT, et. al., | : | |
| | : | |
| Respondents. | : | NO. 05-6685 |

**<u>ORDER</u>**

AND NOW, this   12th   day of December, 2007, for the reasons set forth above, it is hereby ORDERED that:

1. the Report and Recommendation of Judge Henry S. Perkin dated May 11, 2007 (Doc. No. 33) is APPROVED and ADOPTED;

2. the Petition for Writ of Habeas Corpus (Doc. No. 1) is DENIED with prejudice and DISMISSED without an evidentiary hearing; and

3. there is no probable cause to issue a certificate of appealability.

BY THE COURT:

/s/ Michael M. Baylson
Michael M. Baylson, U.S.D.J.

A:\05-6685 Singleton v. Piazza Order re Objections to R&R.wpd